# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| RAYMON J. SWEEZEY, IV | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-CV-2172-S |
| | § | |
| C.R. BARD INCORPORATED et al. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendants C.R. Bard, Inc. and Bard Peripheral Vascular, Inc.'s (collectively, "Defendants") Motion for Summary Judgment [ECF No. 95]. For the following reasons, the Court grants in part and denies in part the Motion.

### I. BACKGROUND

Plaintiff Raymon Sweezey ("Plaintiff") was treated with Defendants' Recovery Inferior Vena Cava Filter ("Filter") on June 28, 2008. Mot. 4. Sometime thereafter, Plaintiff's filter allegedly migrated and perforated his Inferior Vena Cava ("IVC"). *See id.*; *see also* Resp. in Opp. to Mot. for Summ. J. ("Resp.") 6. Plaintiff brings claims for Strict Products Liability – Information Defect (Failure to Warn) (Count II); Strict Products Liability – Design Defect (Count III); Negligence – Design (Count IV); Negligence – Failure to Warn (Count VII); Negligent Misrepresentation (Count VIII); Negligence Per Se (Count IX); Breach of Express Warranty (Count X); Fraudulent Misrepresentation (Count XII); and Fraudulent Concealment (Count XIII).[1] *See* ECF No. 1. Plaintiff also seeks punitive damages. *Id.* at 3.

Defendants filed the pending Motion on February 17, 2020, seeking summary judgment on all of Plaintiff's claims (including his claim for punitive damages). Mot. 1. For the following

---

[1] Plaintiff withdrew his claims for Strict Products Liability – Manufacturing Defect (Count I) and Negligence – Manufacture (Count V). This Order, therefore, does not address those claims.

reasons, the Court grants the Motion with respect to Plaintiff's Negligence Per Se (Count IX) and Fraudulent Concealment (Count XIII) claims and denies the Motion as to the remaining claims.

## II. ANALYSIS

### A. *Negligence Per Se (Count IX)*

"Negligence per se is a tort theory whereby courts use statutes or regulations to define the standard of reasonably prudent conduct." *Monk v. Wyeth Pharm., Inc.*, Civ. A. No. SA-16-CV-1273-XR, 2017 WL 2063008, at *8 (W.D. Tex. May 11, 2017) (quoting *Hackett v. G.D. Searle & Co.*, 246 F. Supp. 2d 591, 594 (W.D. Tex. 2002)). "'Texas courts . . . refuse to recognize a cause of action for negligence per se based on violations of the [FDCA] and FDA regulations.'" *Id.* (quoting *Holland v. Hoffman-La Roche, Inc.*, No. 3-06-CV-1298-BD, 2007 WL 4042757, at *3 (N.D. Tex. Nov. 15, 2007)); *see also Jackson v. Tae Jin Kim*, No. 2:02-CV-200, 2004 WL 6040969, at *4 (E.D. Tex. Sept. 27, 2004) (citing *Baker v. Smith & Nephew Richards, Inc.*, No. 95-58737, 1999 WL 811334, at *8 (Tex. Dist. June 7, 1999), *aff'd on other grounds sub. nom.*, *McMahon v. Smith & Nephew Richards, Inc.*, No. 14-99-00616-CV, 2000 WL 991697 (Tex. App.—Houston [14th Dist.] July 20, 2000, no pet.)). Plaintiff does not dispute that his negligence per se claim is based on Defendants' alleged violations of the FDCA and FDA regulations. *See* Resp. 50. Accordingly, the Court grants summary judgment as to Plaintiff's negligence per se claim.

### B. *Fraudulent Concealment (Count XIII)*

Under Texas law, "fraudulent concealment is not an independent cause of action, but is rather a tolling provision to prevent the defendant from relying upon a statute of limitations period as an affirmative defense." *Seismic Wells, LLC v. Matthews*, Civ. A. No. 5:15-CV-148-C, 2015 WL 11027778, at *4 (N.D. Tex. Sept. 11, 2015) (citing *Thompson v. Barnard*, 142 S.W.2d 238, 241 (Tex. Civ. App.—Waco 1940), *aff'd*, 158 S.W.2d 486 (Tex. 1942)). The Court, therefore,

2

grants summary judgment as to Plaintiff's fraudulent concealment claim. Plaintiff has, however, preserved his right to assert fraudulent concealment as a defense to limitations at trial. *See Smith v. Palafox*, Civil No. EP-15-CV-00201-DB-RFC, 2016 WL 10515973, at *7 (W.D. Tex. Sept. 28, 2016) (citing *Nichols v. Smith*, 507 S.W.2d 518, 520 (Tex. 1974)).

### C. *Remaining Claims*

With respect to the remaining claims, the Court finds that Plaintiff has established that there is a genuine issue of material fact so that a reasonable jury might return a verdict in his favor. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Therefore, the Court denies the Motion as to those claims.

### III. CONCLUSION

For the reasons discussed above, the Court grants the Motion as to Counts IX and XIII and denies the Motion as to all other Counts.

**SO ORDERED.**

SIGNED March 12, 2020.

KAREN GREN SCHOLER
**UNITED STATES DISTRICT JUDGE**